**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ANDREW WALKER,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )            No. 4:22-CV-713 MTS
                                        )
AMAZON ADVERTISING, LLC,                )
                                        )
            Defendant.                  )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Andrew Walker for leave to commence this civil action without prepayment of the required filing fee. Doc. [2]. Having reviewed the motion, the Court finds it should be granted. *See* 28 U.S.C. § 1915(a). However, after reviewing the complaint and the allegations therein, the Court will require plaintiff to show cause why this action should not be dismissed for lack of proper venue. *See* 28 U.S.C. § 1391; Federal Rule of Civil Procedure 12(h)(3).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action asserting that defendant Amazon Advertising, LLC, a Delaware Corporation, unlawfully infringed upon his scope and design patent (Patent No. D593,191), entitled "Fragrant Oil Burning Lamp," by selling genie bottle sculptures through Amazon.com. He claims:

On information and belief, Amazon Advertising, LLC commercializes the same types of products as Andrew Walker and Walkerfeller Investors, LLC, namely decorative genie bottle product[s] in the home and garden markets, clothing and art markets, in direct competition with Andrew Walker and his company Walkerfeller, Investors, LLC. Specifically, and particularly relevant to this action, Amazon Advertising, LLC, has engaged in the creation, the use, the importing, the offering for sale, and the sale of a product line that has a genie bottle structure. This product line can be commonly described as Genie Bottle/Jeannie Bottle and is reflected by products marketed under the names "Genie Bottle" and "Jeannie Bottle," as shown in Exhibits B - T, respectively (collectively "infringing products"). Upon further information and belief, Amazon Advertising, LLC's activities with respect to these infringing products, and possible other products, infringe Andrew Walker's rights under the Patent. Upon further information and belief, Amazon Advertising, LLC, distributes, produces, sells and/or offers for sale these infringing products in this judicial district, via internet commerce or other means in this judicial district, has substantial and continuous contacts with this judicial district and conducts systematic business in this judicial district.

Plaintiff seeks recovery of monetary damages for willful infringement in this action.

## Discussion

As currently written there appear to be several defects in plaintiff's pro se complaint for patent infringement. First and foremost, plaintiff's complaint is not on a court-provided form for filing civil complaints. *See* Local Rule 2.06. As plaintiff is a frequent litigator before this Court, he should be aware of this requirement for pro se litigants.[1] Despite this defect, the Court will not

---

[1]*Walker v. Higgins*, No. 4:96-cv-851 CDP (E.D.Mo) (complaint dismissed for lack of subject matter jurisdiction on June 5, 1996); *Walker, et al. v. Lowe's Home Improvement*, No. 4:05-cv-782 JCH (E.D.Mo) (summary judgment granted for defendant on November 15, 2006); *Walker v. Covance Clinical Research Unit, Inc., et al.,* No. 4:08-cv-1117 CAS (E.D.Mo) (case transferred to the W.D.Wisconsin on August 18, 2008); *Walker v. Twentieth Century Fox Film Corporation*, No. 4:10-cv-527 AGF (E.D.Mo) (plaintiff's complaint dismissed for lack of proper venue); *Walker v. United Parcel Service, Co.,* No. 4:12-cv-1053 JAR (E.D.Mo) (stipulation of dismissal entered by the parties on October 1, 2012); *Walker v. State Farm Mutual Ins. Automobile Co.,* No. 4:13-cv-2331 JCH (E.D.Mo) (complaint dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) on December 9, 2013); *Walker v. City of Ferguson*, No. 4:13-cv-2443 JCH (E.D.Mo) (complaint dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) on December 5, 2013); *Walker v. Weber,* No. 4:14-cv-114 AGF (E.D.Mo) (complaint dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) on June 11, 2014); *Walker v. Elite Auto Shipping,* No. 4:22-cv-357 SRC (E.D.Mo) (complaint dismissed for lack of subject matter jurisdiction on July 22, 2022); *Walker v. Best Buy,* No. 4:22-cv-447 HEA (E.D.Mo) (complaint dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) on June 28, 2022).

require plaintiff to amend his complaint at this time as it appears that plaintiff has filed this action in the wrong venue.

Under 28 U.S.C. § 1400, a "civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The Supreme Court held in 2017 that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 137 S. Ct. 1514, 1517 (2017). The following three elements help to determine whether a corporate defendant has "a regular and established place of business" within the district: (1) the corporation must have "a physical place in the district"; (2) the place "must be a regular and established place of business"—that is, the defendant's place "must for a meaningful time period be stable, established"; and (3) the place must be "the place of the defendant." *In re Cray Inc.,* 871 F.3d 1355, 1362-63 (Fed. Cir. 2017). If any of these statutory requirements are not met, venue is not proper. *Id.* at 1360.

Notwithstanding his pro se status, plaintiff bears the burden to show that "venue is proper as to each claim and as to each defendant." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Amazon Advertising, LLC is incorporated in Delaware and headquartered in Seattle, Washington. Defendant is not registered or authorized to do business in Missouri, nor does it have any presence in Missouri according to the Missouri Secretary of State.[2] Furthermore, the alleged

---

[2]The Court notes that the business Amazon.com has a registered agent in the State of Missouri. However, a "subsidiary's presence in the forum cannot be imputed to the parent company so long as they maintain formal corporate separateness," even if "the parent corporation controls [the] subsidiary's operations and the companies share a unitary business purpose." *Symbology Innovations, LLC v. Lego Sys., Inc.,* 282 F. Supp. 3d 916, 932 (E.D. Va. 2017) (citing *Cannon Mfg. Co. v. Cudahy Packing Co.,* 267 U.S. 333, 335 (1925)) (explaining that the *Cannon* rule concerning attribution of contacts for personal-jurisdiction purposes applies in the § 1400(b) context); *see* 14D Charles Alan Wright et al., *Federal Practice and Procedure* § 3823 (4th ed.) ("So long as a formal separation of the entities is preserved, the courts ordinarily

infringing acts, which appear to have occurred on the internet, all occurred outside the United States District Court for the Eastern District of Missouri. Thus, because venue appears to be improper in this District, this Court believes that plaintiff's action is subject to dismissal. *See* 28 U.S.C. § 1391; Fed.R.Civ.P.12(h)(3). Plaintiff will be given twenty-one (21) days to show cause why this action should not be dismissed for lack of proper venue.

Last, the Court will address plaintiff's request for counsel in this matter. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court, and neither the factual nor the legal issues in this case are complex. As such, plaintiff's request for counsel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis, Doc. [2], is **GRANTED**.

---

will not treat the place of business of one corporation as the place of business of the other."); *cf. also Jazini v. Nissan Motor Co.,* 148 F.3d 181, 184 (2d Cir. 1998) ("Where, as here, the claim is that the foreign corporation is present in New York state because of the activities there of its subsidiary, the presence of the subsidiary alone does not establish the parent's presence in the state.").

**IT IS FURTHER ORDERED** that plaintiff's motion for counsel, Doc. [3], is **DENIED** at this time.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall show cause why this action should not be dismissed for lack of proper venue. *See* 28 U.S.C. § 1391; Fed.R.Civ.P.12(h)(3).

Dated this 27th day of September, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

6